UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>DIEGO RIVERA VALENCIA,<br><br>                                Defendant. | Case No.: 12cr3547-CAB; 18cv1602-CAB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255** |

On April 27, 2018, Petitioner Diego Rivera Valencia filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. [Doc. No. 37.] On August 27, 2018, Respondent filed a response. [Doc. No. 39.] Petitioner has not filed a reply. For the reasons set forth below, the motion is **DENIED**.

First, Petitioner's motion is time-barred. To be timely, an initial §2255 motion must be filed within one year after the conviction became final. 28 U.S.C. §2255(f)(1). Here, the Court entered final judgment on November 20, 2012. [Doc. No. 28.] Defendant did not file his motion until April 27, 2018, six years after the conviction became final. Moreover, while the one-year statute of limitations is subject to equitable tolling "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)(citations omitted), overruled on other grounds by *Calderon v. United States*

*Dist. Court*, 163 F.3d 530 (9th Cir. 1998)(en banc), Petitioner has not demonstrated that such extraordinary circumstances exist.

In addition, Defendant signed a written plea agreement in which he affirmatively gave up any right to appeal or collaterally attack his conviction. [Doc. No. 15 at 12.] Defendant is bound by such a waiver if it is knowing and voluntary. *United States v. Navarro-Botello*, 912 F. 2d 318, 321 (9th Cir. 1990). Here Petitioner has made no showing that it was <u>not</u> knowing and voluntary. Therefore, the waiver is enforceable.

Finally, the issues Plaintiff raises – such as statements made by the prosecutor at his arraignment -- are issues that could have been raised on direct appeal and, therefore, are procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). There has been no showing to make an exception to this rule. *See id* at 622 (to obtain review, a petitioner must show that (1) he had good cause for not raising the claim earlier and would suffer "actual prejudice" if it were not now reviewed, or (2) he is actually innocent).

Accordingly, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 1, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge